IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MUHAMMAD MUNIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:25-cv-00009 |
| | ) | |
| POINT DEDICATED SERVICES, INC., et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Point Dedicated Services, Inc.'s ("Point Services") partial motion to dismiss (Doc. No. 7) filed under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (*See* Doc. Nos. 9, 11). For the reasons stated herein, the motion is **GRANTED**.

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

This is a personal injury case arising from a collision between two freightliner semi-tractor trailers on April 4, 2024. (*See* Complaint, Doc. No. 1). At the time of the collision, Plaintiff Muhammad Munir was allegedly parked in one of the semi-tractor trailers and Defendant Jose Luis Reza was allegedly operating the other semi-tractor trailer on behalf of his employer, Point Services, and in the course and scope of his employment with Point Services. (*See id*. ¶¶ 4-5, 8-9, 14). Munir brings claims of negligence and negligence *per se* against Defendant Reza. (*See id*. ¶¶

16-17). Munir claims Service Point is vicariously liable for Defendant Reza's negligence under *respondeat superior* and that it is directly liable for its own negligent entrustment and negligent training, hiring, and maintenance. (*See id*. ¶¶ 18-19, 24-28).

Through the pending motion, Point Services seeks dismissal of Munir's negligent entrustment and direct negligence claims against it as well as any claim for punitive damages on the grounds that the Complaint fails to allege facts in support of those claims. Although Munir opposes the motion, his response points to and argues from cases interpreting the pleading standard under the Tennessee Rules of Civil Procedure. (*See* Doc. No. 9). As this Court operates under the Federal Rules of Civil Procedure, Munir's opposition fails to rebut any of Service Point's properly supported arguments for dismissal or otherwise persuade the Court that the challenged negligence claims survive the present motion. Accordingly, Munir's claims against Service Point for negligent entrustment and negligent training, hiring, and maintenance are **DISMISSED** without prejudice.

As for punitive damages, Munir acknowledges through his response that he has not raised such a claim. (*See* Doc. No. 9 at 3). Should he seek to do so, his complaint will need to be amended in accordance with Federal Rule of Civil Procedure 15 and the case management order in this case.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE